# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE DAILY CALLER NEWS FOUNDATION, 1920 L Street, N.W., Suite 200, Washington, DC 20036, | ) ) ) ) |
| Plaintiff, | ) Civil Action No. ) |
| v. | ) ) |
| U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, 200 Independence Avenue, S.W., Washington, DC 20201, | ) ) ) ) ) |
| Defendant. | ) ) ) |

## Complaint

Plaintiff The Daily Caller News Foundation bring this action against Defendant U.S. Department of Health & Human Services compels compliance with the Freedom of Information Act, 5 U.S.C. § 552.   As grounds therefor, Plaintiffs allege as follows:

### Jurisdiction and Venue

1.   The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### Parties

3.   Plaintiff The Daily Caller News Foundation has its principal place of business at 1920 L Street, N.W., Suite 200, Washington, DC 20036.   Founded in 2011 by Tucker Carlson, a 20-year veteran of print and broadcast media, and Neil Patel, former chief policy adviser to Vice President Dick Cheney, DCNF is a 501(c)(3) non-profit organization providing original investigative reporting from a team of professional reporters that operates for the public benefit.

DCNF's website reaches approximately three million unique monthly visitors and its content, which is available without charge to any eligible news publisher, is published by The Daily Caller, Yahoo News, Business Insider and a growing host of other media outlets, reaching a combined audience estimated in excess of 30 million readers.

4. Defendant U.S. Department of Health & Human Services is an agency of the United States Government. Defendant is headquartered at 200 Independence Avenue, S.W., Washington, DC 20201. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On April 1, 2020, The DCNF submitted a FOIA request to the National Institutes of Health, a component of Defendant seeking certain records of National Institute of Allergies and Infectious Diseases Director Anthony Fauci and Deputy Director H. Clifford Lane concerning the novel coronavirus. Specifically, the DCNF requested emails, memoranda, reports, and other correspondence between the two doctors and World Health Organization officials as well as emails, memoranda, reports and other correspondence of the two doctors concerning WHO, WHO official Bruce Aylward, WHO Director General Tedros Anhanom, and China. The time period for the request is January 1, 2020 to April 1, 2020.

6. In its FOIA request, The DCNF also requested expedited processing of its request.

7. By letter dated April 1, 2020, NIH acknowledged receiving The DCNF's FOIA request and informed The DCNF that it had assigned the request FOI Case Number 53853. NIH also informed The DCNF that it had granted The DCNF's request for expedited processing.

8.      As of the date of this Complaint, NIH has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records NIH intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determinations.

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

9.      Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10.     Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

11.     To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's FOIA request within the time limits set by FOIA.   Accordingly, Defendant's determination with respect to Plaintiff's April 1, 2020 FOIA request was due by April 29, 2020.

12.     At a minimum, Defendant was obligated to: (i) gather and review the requested records; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.   *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

13.     Because Defendant failed to determine whether to comply with Plaintiff's FOIA requests, Plaintiff is deemed to have exhausted its administrative appeal remedies.   5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:   May 4, 2020

Respectfully submitted,

*/s/ Michael Bekesha*
Michael Bekesha (D.C. Bar No. 995749)
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Phone: (202) 646-5172

*Counsel for Plaintiff*